## MAINE SCHOOL ADMINISTRATIVE DISTRICT NO. 61 BOARD OF DIRECTORS

### v.

## LAKE REGION TEACHERS ASSOCIATION.

Supreme Judicial Court of Maine.

Argued Oct. 4, 1989.

Decided December 7, 1989.

Bruce W. Smith (orally), Portland, for plaintiff.

Shawn C. Keenan (orally), Maine Teachers Ass'n, Augusta, for defendant.

Before McKUSICK, C.J., and ROBERTS, WATHEN, GLASSMAN, CLIFFORD, HORNBY and COLLINS, JJ.

ROBERTS, Justice.

The Lake Region Teachers Association appeals from a judgment of the Superior Court (Cumberland County, *Perkins, J.*), granting the Maine School Administrative District No. 61 Board of Directors' request for a stay of arbitration. The Association contends that it is entitled to arbitration on a grievance that the Board violated the collective bargaining agreement between the Board and the Association in the hiring of a department head. We affirm the judgment.

In 1988 the Superintendent of District 61, after approval by the Board, hired as head of the Trade and Industrial Department a person who was not a member of the Association. Two in-house applicants for the position submitted a grievance to the Board claiming a violation of the collective bargaining agreement because the hiring did not comply with the Board's policy that department heads show evidence of successful classroom experience. The Board

denied the grievance and sought a stay of arbitration on the ground that the union contract cannot limit the Board's statutory authority in hiring and thus there could be no agreement to arbitrate this grievance. The court granted a stay of arbitration. This appeal followed.

We have previously examined the meaning of 20–A M.R.S.A. § 13201 (1983 & Supp.1989) (formerly 20 M.R.S.A. Sec. 161 (1980)). In *Maine School Administrative District No. 36 v. M.S.A.D. No. 36 Teachers' Assoc.*, 428 A.2d 419 (Me.1981) we held that the responsibility for filling teaching positions rests with the superintendent and the school board. Moreover, we concluded that the school board could not limit its responsibility through a collective bargaining agreement. Although the factual and procedural circumstances in the case at bar differ somewhat from *M.S.A.D. 36*, the principles of that case are nevertheless controlling.

The Association contends that grievance arbitration might not result in usurpation of the Board's hiring authority. Judicial intervention, it argues, should await the arbitrator's award and be limited to a review of that award. We conclude, however, that the grievance must of necessity involve an investigation of the qualifications of the new department head and a review of the Board's decision to hire him. Any relief to the grievants based on such a review would impinge significantly on the Board's statutory responsibility. Legislative activity since *M.S.A.D. 36* has not affected our previous interpretation of the statute. We agree that the Board is entitled to a stay of the grievance arbitration.

The entry is:

Judgment affirmed.

All concurring.